IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

2017 FEB 21  AM 10:03

CLERK R Qurk
SO. DIST. OF GA.

RICHARD C. W. D'AGUILAR, SR.,

    Plaintiff,

vs.

    CIVIL ACTION NO.: CV612-015

VICTORIA L. ROOT; SARA
SAHNI; DAVID L. CAVENDER;
and THURBERT E. BAKER,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Richard C.W. D'Aguilar Sr. ("Plaintiff"), an inmate currently incarcerated at Smith State Prison in Glennville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action pursuant to § 1983 must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions of § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that the transcript from his July 29, 2009, state habeas corpus hearing was falsified. Plaintiff avers that "[t]he Court Reporter and the Assistant Attorney General, both committed fraud when they falsified [his] Habeas Corpus Evidentiary Hearing transcripts." (Doc. No. 1, p. 8). Plaintiff also alleges that Victoria L. Root ("Root"), the court reporter, refuses to provide him with an audio version of the transcript. Plaintiff avers that Judge David L. Cavender ("Judge Cavender"), the presiding state habeas corpus court judge, did not rule on Plaintiff's motions regarding a stay of the habeas corpus procedures and obtaining the audio tapes. Plaintiff names as Defendants: Root; Judge Cavender; Sara K. Sahni ("Sahni"), Assistant Attorney General; and Thurbert E. Baker ("Baker"), former Georgia Attorney General.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the

Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

An allegation that a court reporter delivered a false transcript of a hearing is not a basis for a constitutional violation. See Hindman v. Healy, 278 F. App'x 893 (11th Cir. 2008). Because the harm Plaintiff alleged does not rise to the level of a constitutional violation, Plaintiff has failed to state a claim under § 1983 against Defendant Root for falsification of the habeas corpus hearing transcript. Even assuming that Sahni, as Assistant Attorney General, was involved in the creation of the allegedly falsified transcript, Plaintiff has failed to state a claim against her for the same reason. Plaintiff did not allege that Baker, as former Attorney General, was involved in the alleged falsification of the transcript; in fact, Plaintiff makes no allegations against Baker. To the extent that Plaintiff intended to allege Baker's involvement in the alleged falsification of the transcript, Plaintiff's claim fails for the same reason as the failure of his claims against Root and Sahni: the harm he alleged does not rise to the level of a constitutional violation. Plaintiff's claims of falsification of the hearing transcript against Root, Sahni, and Baker should be dismissed.

Plaintiff also alleges that Root refuses to provide him with a copy of the audio tapes from the hearing. However, Plaintiff fails to show how Root's actions have violated any of his constitutional rights. See generally United States v. Botes, 290 F. App'x 316 (11th Cir. 2008) (finding no merit in defendant's argument that he was entitled to access backup audiotape recordings of his criminal trial and sentencing). As a result, Plaintiff's claim against Root should be dismissed.

AO 72A
(Rev. 8/82)

Plaintiff's claims against Judge Cavender should be dismissed because "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity." Williams v. Alabama, 425 F. App'x 824, 826 (11th Cir. 2011) (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)). Actions associated with Plaintiff's motions that are or were before the judge presiding over his state habeas corpus case are actions taken within that judge's judicial capacity because such actions constitute normal judicial functions and involve a case pending, or previously pending, before the judge. Id. Therefore, even if Judge Cavender delayed in responding to Plaintiff's motions or failed to rule of Plaintiff's motions, Plaintiff's claims are barred by judicial immunity.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

SO REPORTED and RECOMMENDED, this 21st day of February, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE