```
                                                              FILED
                                                         U.S. DISTRICT COURT

         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF GEORGIA
                   STATESBORO DIVISION        2012 MAR 14  PM 4:03

                                                         CLERK_____
                                                           SO. DIST. OF GA.
```

RICHARD C. W. D'AGUILAR, SR.,

      Plaintiff,

vs.                                  CIVIL ACTION NO.: CV612-015

VICTORIA L. ROOT; SARA
SAHNI; DAVID L. CAVENDER;
and THURBERT E. BAKER,

      Defendants.

## ORDER

Plaintiff Richard C.W. D'Aguilar Sr. ("Plaintiff") filed Objections to the Magistrate Judge's Report dated February 21, 2012, which recommended that Plaintiff's Complaint, brought pursuant to 42 U.S.C. § 1983, be dismissed. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

In his Objections, Plaintiff avers that his constitutional right to due process of law was violated when he received an allegedly inaccurate and falsified transcript of his state habeas corpus hearing and when the court reporter did not allow him to purchase an audio version of the transcript. In support of his Objection, Plaintiff cites United States v. Carrazana, 70 F.3d 1339 (D.C. Cir. 1995) (finding that even though the court reporter did not supply complete transcripts of the defendant's criminal proceedings no reversal of defendant's conviction was warranted), and United States v. Workcuff, 422 F.2d 700 (D.C. Cir. 1970) (finding that because the court reporter was not present to

AO 72A
(Rev. 8/82)

transcribe a jury instruction the criminal defendant was entitled to a new trial). Both Carrazana and Workcuff decided the effect of incomplete or inaccurate transcripts within the context of a criminal case, and neither persuades this Court to differ from the recommendation of the Magistrate Judge. As discussed in the Magistrate Judge's Report, an allegation that a court reporter delivered a false transcript of a hearing is not a basis for a constitutional violation. See Hindman v. Healy, 278 F. App'x 893 (11th Cir. 2008). Additionally, failure to provide a defendant access to a copy of audio tapes from a hearing does not rise to the level of a constitutional violation. See generally United States v. Botes, 290 F. App'x 316 (11th Cir. 2008) (finding no merit in defendant's argument that he was entitled to access backup audiotape recordings of his criminal trial and sentencing). Because the conduct alleged against Defendants Root, Sahni, and Baker does not state a claim for a constitutional violation, Plaintiff's claims against those Defendants are dismissed.

Plaintiff also argues, in his Objections, that his claims against Judge Cavender, the judge who presided over his state habeas corpus proceedings, should not be dismissed because judicial immunity does not protect a state judge from claims for injunctive relief. In support of his argument Plaintiff states that "nothing in [ ] 42 U.S.C. [§] 1983 indicates that Congress adopted a rule of absolute immunity." (Doc. No. 4, p. 2). Judicial immunity extends to cases wherein a Plaintiff seeks injunctive relief against the judge. Redford v. Wright, 378 F. App'x 987, 987 (11th Cir. 2010) (citing Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000)). As a result, Plaintiff's claims against Judge Cavender are dismissed.

2

Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Plaintiff's Complaint is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this ___14___ day of ___March___, 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA