IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

RICHARD C. W. D'AGUILAR, SR.,

  Plaintiff,

vs.            CIVIL ACTION NO.: CV612-015

VICTORIA L. ROOT; SARA
SAHNI; DAVID L. CAVENDER;
and THURBERT E. BAKER,

  Defendants.

## ORDER

Plaintiff Richard C.W. D'Aguilar Sr. ("Plaintiff") filed a Motion for Reconsideration requesting that the undersigned vacate an Order dated March 14, 2012. In that Order, the undersigned dismissed Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983. In his Motion for Reconsideration, Plaintiff re-asserts that the transcript from his state habeas corpus hearing was falsified, in violation of his Fifth and Fourteenth Amendment rights to due process, and that, as a result, his attempts at post-conviction relief have been hindered.

In support of his Motion, Plaintiff first argues that the Court has ignored O.C.G.A. § 5-6-41(f), requiring "a hearing with notice to both parties" to "resolve the difference so as to make the record conform to the truth" when "any party contends that the transcript or record does not truly or fully disclose what transpired in the trial court and the parties are unable to agree thereon[.]" The Court has not "ignored" this state statutory

AO 72A
(Rev. 8/82)

mandate; rather, the Court has determined that a civil action brought pursuant to § 1983 is not the appropriate forum for Plaintiff to aver that Defendant Judge Cavender, the presiding state habeas corpus court judge, did not comply with the relevant code section. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity." Williams v. Alabama, 425 F. App'x 824, 826 (11th Cir. 2011) (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)). Judicial immunity extends to cases wherein a Plaintiff seeks injunctive relief against the judge. Redford v. Wright, 378 F. App'x 987, 987 (11th Cir. 2010) (citing Bolin, 225 F.3d at 1242). Plaintiff seeks injunctive relief and money damages against Defendant Cavender for actions taken by Judge Cavender while he was acting within his judicial capacity. As a result, Plaintiff's claims against Defendant Judge Cavender are barred by judicial immunity.

Second, Plaintiff argues that "nothing in Redford v. Wright [sic] says judges are immune to correction in their 'personal capacity.'" (Doc. No. 7, p. 2). As previously discussed, Plaintiff has sued Defendant Judge Cavender for actions taken by Judge Cavender while he was acting within his judicial capacity.

Finally, Plaintiff argues that "[t]he audio tape is evidence of the court-report Root's and A.A.G. Sahnis [sic] fraudulent behavior." (Doc. No. 7, p. 3). And, citing Chessman v. Teets, 350 U.S. 3 (1955), Plaintiff argues that such behavior violated his due process rights under the Fourteenth Amendment. Assuming, without deciding, that Plaintiff has stated a constitutional violation against Defendants Root and Sahni, Plaintiff's claims are still due to be dismissed. In Hindman v. Healy, 278 F. App'x 893 (11th Cir. 2008), the plaintiff sued several Federal Bureau of Investigation agents, a

court reporter, and others, alleging that the defendants engaged in activities designed to elicit fraudulent statements in order to obtain search warrants, to arrest him, and to use those statements at his criminal trial. The Court of Appeals for the Eleventh Circuit determined that "[b]ecause success on Hindman's claims would necessarily result in the invalidity of his conviction, we conclude that the district court properly dismissed as barred by [Heck v. Humphrey, 512 U.S. 477 (1994),] [Plaintiff's claims]." Hindman, 278 F. App'x at 895. Plaintiff asserts that had the transcripts been accurate he "more than probably would have been out of prison a long time ago." (Doc. No. 1, p. 5). Under Heck and Hindman, Plaintiff's claims against Defendants Root and Sahni are barred.

The undersigned's Order dated March 14, 2012, shall remain the Order of the Court. Plaintiff's Motion for Reconsideration is **DENIED**.

**SO ORDERED**, this 3 day of April, 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)